IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN C. BROCKMEIER,

      Plaintiff,                      No. CIV S-10-3472 JAM DAD PS

      vs.

PORTER SCOTT, et al.,          ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
      Defendants.

_____/

        Plaintiff, Carolyn Brockmeier, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. To state a claim on which relief may be

granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

1  contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P.
2  8(a). Lack of subject matter jurisdiction may be raised by the court at any time during the
3  proceedings. <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir.
4  1996).

5  Here, plaintiff has indicated on the civil cover sheet filed with her compliant that
6  this court has federal question jurisdiction over this action. (Cover Sheet (Doc. No. 1-1) at 1.)
7  However, here the burden of establishing jurisdiction rests upon plaintiff as the party asserting
8  jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>see</u> <u>also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974)
9  (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
10 implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
11 within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)
12 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
13 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
14 jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
15 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
16 jurisdiction . . . and may be dismissed sua sponte before service of process.").

17 In her brief, four page complaint, plaintiff alleges that the defendants (a private
18 law firm, a legal services company/court reporting firm, private attorneys[2] and a court reporter)
19 deleted, or allowed to be deleted, portions of plaintiff's testimony from the transcript of her
20 deposition in a civil action she had brought in this court, resulting in a deprivation of plaintiff's
21 "due process rights." (Compl. (Doc. No. 1) at 2-3.) Plaintiff also complains about her attorney's
22 failure to adequately represent her interests in that earlier action in this court.

---

[2] The deposition in question was taken in the case of <u>Brockmeier v. Solano County Sheriff Detention Facility, et. al.</u>, Case No. 2:05cv2090 (E.D. Cal.) in which the assigned district judge granted defendants' Rule 50 motion at the close of plaintiff's case at trial and dismissed the action. Case No. 2:05cv2090, Doc. No. 146. In the present action plaintiff has named as defendants the attorney who at one time represented her in that earlier action, as well as the defense attorney and his firm and the deposition reporter and her firm.

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a cognizable claim under § 1983 the plaintiff must allege facts demonstrating that she was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden in bringing a claim under § 1983 to allege, and ultimately establish, that the named defendants were acting under color of state law when they deprived her of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

A private person does not act under color of state law for purposes of § 1983 unless the person or entity "willfully participates in joint action with state officials to deprive others of constitutional rights." Taylor v. List, 880 F.2d 1040, 1048 (9th Cir. 1989). See also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (holding that due process claims under the Fourteenth Amendment require state action and do not extend to merely private conduct, no matter how wrongful); Apao v. Bank of New York, 324 F.3d 1091, 1093 (9th Cir. 2003) (explaining that the due process clause of the Fourteenth Amendment "shields citizens from unlawful government actions, but does not affect conduct by private entities.").

1       Here, plaintiff has brought this action solely against private entities and private individuals. The allegations of plaintiff's own complaint establish that no state action was in any way involved in the alleged deprivation of her rights. The undersigned finds that this court does not have federal question jurisdiction over this action. Accordingly, plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.

      The undersigned has carefully considered whether plaintiff may amend her complaint to establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations and the fatal deficiency noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's December 27, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted.

      IT IS RECOMMENDED that:

      1. Plaintiff's December 27, 2010 complaint (Doc. No. 1) be dismissed without leave to amend; and

      2. This action be dismissed.

      These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

/////

1 objections within the specified time may, under certain circumstances, waive the right to appeal
2 the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: June 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:ac
brockmeier3472.ifp.ord